UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAX JOHNSON,
        Plaintiff,        CASE NUMBER: 6:25-cv-312

vs.

PIONEER ARMS CORP
and MICHAEL MICHALCZUK,
        Defendants.        /

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Max Johnson, (herein after referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendants, Pioneer Arms Corp, a Florida Corporation, and Michael Michalczuk, an individual (herein after referred to collectively as "Defendants"), and states as follows:

### **INTRODUCTION**

1. This is an action by Plaintiff against his former employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and a breach of contract regarding his oral agreement to perform work.

### **JUURISDICTION**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq., and a breach of contract regarding an oral

agreement to perform work. The Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b) and over the state law claims through pendant jurisdiction.

## VENUE

3. The venue is proper in this Court, over this controversy, because the employer's principal place of business, and the location at which the Plaintiff worked, was in Port Orange, Volusia County, Florida.

## FACTUAL HISTORY

4. Plaintiff was, at all times material to this Complaint, employed by Defendants as a gun manufacturing employee at the Defendants' work location in Port Orange, Florida, and the Defendants agreed to pay Plaintiff a base rate of $1,385.00 per week.

5. The Defendant, Pioneer Arms Corp, is a Florida Corporation which operated a gun manufacturing facility in Port Orange, Florida.

6. Pioneer Arms Corp is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiff was employed with the Defendants.

7. Plaintiff and other employees regularly handled and worked with items which had moved in interstate commerce which were specifically connected to and integral to the employers' business including various gun

parts to assemble guns which, in turn, were sold in interstate commerce, creating individual coverage under the FLSA.

8. Therefore, the Defendant, Pioneer Arms Corp, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1) because the Defendant employed two or more employees who regularly engaged in selling, handling, or otherwise working on goods and/or materials that have been moved in or produced for interstate commerce and, at all times during which Plaintiff was employed by the Defendant, the annual gross sales volume of Pioneer Arms Corp, was in excess of $500,000.00 (exclusive of excise taxes at the retail level).

9. Defendant, Michael Michalczuk, was at all times material to the instant Complaint an owner of Pioneer Arms Corp.

10. Michael Michalczuk, at all times material to this Complaint, was acting directly or indirectly in the interest of the Defendant, Pioneer Arms Corp, in direct relation to the Plaintiff's employment and, therefore, was substantially in control of the terms and conditions of Plaintiff's work, and is a statutory employer of the Plaintiff as defined by 29 U.S.C. section 203 (d).

11. Plaintiff was employed with the Defendants from on or about January 1, 2024, to on or about September 17, 2024, at the base rate of $1,385.00.

12. Plaintiff worked 370 hours, at a base rate of $34.625 per hour, of overtime for which the Defendants willfully and knowingly did not pay Plaintiff and the Defendants did not receive any guidance from any professional, including accountants or lawyers, about whether Defendants should pay Plaintiff overtime.

13. Plaintiff was also promised two weeks' paid vacation, in the amount of $2,770.00, for which the Defendants willfully and knowingly did not pay Plaintiff.

14. When Plaintiff discussed his entitlement to his base rate and unpaid overtime with Michael Michalczuk, he was informed that he would not be compensated willingly.

15. Plaintiff has retained the services of Matthew E. Romanik, Esquire, of the law firm of Matthew E. Romanik, P.A., to represent him in this matter and has agreed to pay a reasonable attorney's fee and reimburse costs for representation in this matter.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

16. Plaintiff restates and realleges the allegations in paragraphs 1-12 and 14-15.

17. During the time the Plaintiff was employed by the Defendants in this matter, the Defendants repeatedly and willfully violated

section 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half times the regular rate at which he was employed in weeks which during which he performed more than forty hours of work.

18. On numerous weeks during which Plaintiff was employed with the Defendants, he performed more than 40 hours of work, yet was never compensated time and a half for more than 40 hours of work, despite the fact that numerous overtime hours were, in fact, worked by the Plaintiff.

19. For each and every hour in excess of 40 hours per work week worked by the Plaintiff, while in the employ of the Defendants, the Plaintiff should be paid not less than one and one half times his regular hourly rate at which he was employed.

WHEREFORE, Plaintiff demands a Judgment against the Defendants, jointly and severally, to include:

(a) Unpaid overtime wages which are due and owing to the Plaintiff.

(b) An additional amount equal to the unpaid overtime wages due and owing to the Plaintiff as liquidated damages.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs per 29 U.S.C. Sec. 216(b).

(e) Any other relief the Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT

20. Plaintiff restates and realleges the allegations in paragraphs 1-11 and 13-15.

21. Plaintiff and Defendants agreed Plaintiff would be paid two weeks' paid vacation, in the amount of $2,770.00.

22. Defendants breached this agreement by not paying the Plaintiff for his vacation.

23. As a result of this breach, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands a Judgment against the Defendants, to include:

(a) Payment of the hours worked for which he was not compensated.

(b) Injunctive relief prohibiting Defendants from not paying employees for all work performed which was not overtime.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs per Fla. Stat. Sec. 448.08.

(e) Any other relief the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

          Respectfully Submitted,

          /s/Matthew E. Romanik
          Matthew E. Romanik, B.C.S.
          Matthew E. Romanik, P.A.
          128 Orange Avenue
          Daytona Beach, FL  32114
          Fla. Bar No.: 0062588
          P:  386-388-6260
          F:  386-267-2963
          matt@workingforworkers.law
          Attorney for Plaintiff